IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| TONY D. COHEN (#70390), | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3-08-0174 |
| | § | |
| LEAGUE CITY POLICE DEPARTMENT, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

The plaintiff, Tony Durand Cohen (#70390, former Galveston County #111123, former TDCJ #932106), is presently in custody at the Galveston County Jail. Cohen has filed a complaint under 42 U.S.C. § 1983, alleging violations of his civil rights during the course of his arrest. Lacey proceeds *pro se* and *in forma pauperis*. After reviewing all of the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this case must be **dismissed** for reasons that follow.

### I.     BACKGROUND

Cohen reports that he is currently in custody at the Galveston County Jail awaiting trial on charges of aggravated robbery. Cohen claims that he was arrested and charged with aggravated robbery of a local Walmart store on May 13, 2008, by two officers employed by the League City Police Department. During his arrest, Cohen claims that he was "choked,

kicked in the stomach numerous times, sprayed in [the] face with mace, and shot at least five times with a tazer gun" while he was handcuffed on the ground.[1]

According to the pleadings, Cohen contends that he required treatment in the form of "emergency surgery" on his abdomen on May 14, 2008, and that he was returned to the Galveston County Jail the following day on May 15, 2008.  Cohen now seeks relief under 42 U.S.C. § 1983, complaining that his civil rights were violated during his arrest.  As relief, Cohen asks for a court order directing the League City Police Department to pay for all of his medical expenses and he seeks a "monetary settlement" of $250,000.00.  The Court concludes, however, that the complaint must be dismissed for reasons discussed below.

## II.    STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal of a prisoner's civil rights complaint under the following circumstances.  Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).  A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds *in forma pauperis*.

---

[1]   Cohen has sued Walmart for damages stemming from the same incident, claiming that he was arrested on May 13, 2008, and charged with aggravated robbery based on a "false statement and report" by Walmart employees to the League City Police Department.  *See Cohen v. Walmart*, Civil No. G-08-0175 (S.D. Tex.).  This Court does not address these allegations here.

28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief"). The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact." *Geiger v Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir.) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)), *cert. denied*, 537 U.S. 1049 (2002). Under this standard, "[t]he complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955,

3

1964-65 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  A complaint must be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974.  Of course, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, — U.S. —, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### III.   DISCUSSION

Cohen does not identify any individual having personal responsibility for the injuries that he allegedly sustained during his arrest on May 13, 2008, and he does not sue the arresting officers.  Rather, when asked to name the individual or individuals responsible for his injuries, Cohen lists only the League City Police Department.  The only relief that Cohen seeks from this defendant is compensation for his medical expenses and a monetary settlement of $250,000.00.

To state a claim under 42 U.S.C. § 1983, which governs the complaint in this case, Cohen must establish two elements: (1) state action, *i.e.*, that the conduct complained of was committed under color of state law, and (2) a resulting violation of federal law, *i.e.*, that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States. *See Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992); *Baker v. McCollan*, 443 U.S. 137, 142 (1979); *see also Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir. 2002) (In short, "[s]ection 1983 provides a claim against anyone who, 'under color of' state law,

deprives another of his or her constitutional rights.") (citing *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 452 (5th Cir. 1994)). The complaint in this case falls short of the allegations required to make a claim under § 1983.

Under the Federal Rules of Civil Procedure, a party to a lawsuit must have the capacity to sue or be sued. *See* FED. R. CIV. P. 17; *Maxwell v. Henry*, 815 F. Supp. 213, 215 (S.D. Tex. 1993). A department of a local governmental entity must "enjoy a separate legal existence" to be subject to suit. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991). The Fifth Circuit has held that Texas law does not allow county or municipal police departments to sue or be sued directly. *See id.* at 313-14. The League City Police Department does not qualify as an entity with capacity under the rules because it cannot sue or be sued. *See Jacobs v. Port Neches Police Dep't*, 915 F. Supp. 842, 844 (E.D. Tex. 1996). Accordingly, Cohen fails to state a claim upon which relief can be granted against the League City Police Department.

Assuming that Cohen sues League City, he fails to allege facts demonstrating municipal liability under 42 U.S.C. § 1983 in this instance. A municipality is not responsible under a theory of respondeat superior or vicarious liability for the intentional torts of its employees. *See Oklahoma City v. Tuttle*, 471 U.S. 808, 818 (1985); *see also Monnell v. New York City Dep't of Soc. Services*, 436 U.S. 658, 691 (1978) ("[A] municipality cannot be held liable solely because it employs a tortfeasor . . . ."). In order to attribute liability to a unit of local government under 42 U.S.C. § 1983, a plaintiff must establish the elements of a prima facie case and he must demonstrate that the municipality had a custom or policy that resulted

in the constitutional injuries alleged. *See Monell*, 436 U.S. at 694. Cohen, who complains that excessive force was used during his arrest, fails to identify a custom, policy, or practice that was the moving force behind the alleged constitutional violation. In that respect, the complaint outlines only an isolated violation of the sort that is not sufficient to demonstrate the requisite policy or custom for purposes of municipal liability. *See Bennett v. City of Slidell*, 728 F.2d 762, 768 n.3 (5th Cir.1984); *see also Gast v. Singleton*, 402 F. Supp. 2d 794, 799 (S.D. Tex) (dismissing civil rights claims against League City for the plaintiff's failure to articulate facts supporting a link or causal connection between actions by the City's police officers and any official custom or policy). Accordingly, Cohen fails to state a claim upon which relief can be granted against League City.

## IV.     <u>CONCLUSION AND ORDER</u>

Based on the foregoing, the Court concludes that Cohen has failed to state a claim upon which relief can be granted for purposes of 28 U.S.C. § 1915(e)(2)(B). Accordingly, the Court **ORDERS** as follows:

1. The plaintiff's complaint is **DISMISSED** with prejudice for failure to state a claim.

2. Officials at the Galveston County Jail are **ORDERED** to deduct funds from the inmate trust account of Tony D. Cohen (#70390) and forward them to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the entire filing fee ($350.00) has been paid.

**The Clerk is directed to provide a copy of this order to the parties. The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the Galveston County Jail, Inmate Accounting, 601 - 54th Street, Suite 2100,**

**Galveston, Texas 77551, Attention: Kay Gonzales; and (2) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas, on <u>July 30th</u>, 2008.

_____
Nancy F. Atlas
United States District Judge